UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ELIAS MAKERE,
     Plaintiff,

vs.                                                    Case No.:  4:22cv00315/RH/ZCB

MARTIN FITZPATRICK, et al.,
     Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a *pro se* civil rights case.  Plaintiff has sued five federal judges, the U.S. District Court for the Northern District of Florida, and a state assistant attorney general.  Plaintiff claims they engaged in all sorts of misconduct, ranging from bribery to forming a racist conspiracy that violated Plaintiff's constitutional rights. (Doc. 9).  The case was filed in state court and then removed to the U.S. District Court for the Middle District of Florida.  (Doc. 1).  The Middle District later transferred it here.  (Doc. 28).  Two of the federal judges and the U.S. District Court for the Northern District of Florida have moved to dismiss.  (Doc. 26).  So has the assistant state attorney general.  (Doc. 16).  Plaintiff has responded in opposition. (Docs. 37, 46).  For the reasons below, the motions to dismiss should be granted.

## I.    Background

This case stems from an earlier lawsuit (Case No. 4:21-CV-96) that Plaintiff filed in the U.S. District Court for the Northern District of Florida against Judge E.

Gary Early of the Florida Division of Administrative Hearings.  (Doc. 9 at 6).

Plaintiff alleged that Judge Early destroyed evidence and committed perjury while

presiding over an employment discrimination case.  (*Id*. at 9-10).  Defendants in the

current lawsuit participated in the adjudication of Plaintiff's case against Judge

Early.  Five of the defendants are federal judges in the Northern District of Florida.

They are: (1) Mark Walker, Chief U.S. District Judge; (2) Allen Winsor, U.S.

District Judge; (3) Martin Fitzpatrick, U.S. Magistrate Judge; (4) Michael Frank,

U.S. Magistrate Judge; and (5) Hope Cannon, U.S. Magistrate Judge.[1]  The other

defendants are the U.S. District Court for the Northern District of Florida and Florida

---

[1] Plaintiff has not sought the undersigned's recusal.  Regardless, the undersigned has an independent duty to ensure that recusal is unnecessary.  Because the undersigned's colleagues are named as Defendants, the undersigned has consulted guidance provided by the Judicial Conference Committee on Codes of Conduct.  The Committee has previously considered this issue and opined that "[r]eview of a complaint against a judicial colleague where the litigation is patently frivolous or judicial immunity is plainly applicable will not ordinarily give rise to a reasonable basis to question the assigned judge's impartiality, and disqualification would rarely be appropriate."  Advisory Opinion No. 103, Judicial Conference Committee on Codes of Conduct, Guide to Judiciary Policy, Vol. 2, Ethics Advisory Opinions (June 2009).  Additionally, other judges have refused to recuse in similar circumstances.  *See Cuyler v. U.S. Dist. Ct.*, No. 6:11CV1225-ORL-31, 2011 WL 5525935, at *2-3 (M.D. Fla. Nov. 14, 2011) (refusing to recuse from a frivolous lawsuit brought against other members of the court); *see also Swan v. Barbadoro*, 520 F.3d 24, 26 (1st Cir. 2008) (denying a motion to recuse where other members of the court had been sued by the plaintiff).  Here, Plaintiff's allegations are patently frivolous and barred by judicial immunity.  The undersigned, therefore, sees no reason to recuse and would note that "a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require."  *United States v. Malmsberry*, 222 F. Supp. 2d 1345, 1349 (M.D. Fla. 2002).

Assistant Attorney General Charles J.F. Schreiber, Jr. (Judge Early's attorney in the prior litigation).  (*Id*.).

Plaintiff accuses Defendants Walker, Fitzpatrick, Winsor, Frank, and Cannon[2] of widespread misconduct, including accepting bribes, lying, manipulating court dockets, and joining an "anti-black pact" aimed at violating Plaintiff's constitutional rights.  (*Id*. at 6, 14, 17, 18, 20).  Plaintiff alleges Defendant Schreiber joined the racist "pact" and committed perjury, bribery, fabrication of evidence, and destruction of evidence.  (*Id*. at 30-31, 35).  Plaintiff also alleges Defendant U.S. District Court for the Northern District of Florida has promulgated a local rule that "was driven by invidious discrimination on the bases of race and sex."  (*Id*. at 32). More specifically, Plaintiff claims the local rule (N.D. Fla. Loc. R. 5.4(A)(3)) requiring *pro se* litigants to file documents in paper form was promulgated "to effectuate its self-fulfilling prophesy of abridging the constitutional rights of black people."  (*Id*. at 22-24, 37-38).  Plaintiff has brought this lawsuit under 42 U.S.C. §§ 1983 and 1985, as well as *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  (*Id*. at 4).  He alleges violations of his rights under the First, Seventh, and Fourteenth Amendments.  (*Id*. at 4).

---

[2] Defendants Winsor, Frank, and Cannon have not made an appearance in this litigation because they have not been served.  (*See* Doc. 26 n.1).

Plaintiff seeks declaratory and injunctive relief, as well as over $30,000 in damages. (*Id*. at 5, 42-48). Plaintiff's amended complaint does not specify whether Defendants are being sued in their individual or official capacities.

## II.    Discussion

Defendants U.S. District Court for the Northern District of Florida, Walker, Fitzpatrick, and Schreiber argue that dismissal is warranted under Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiff's amended complaint fails to state a claim on which relief could be granted. (Doc. 26 at 2; Doc. 16 at 2). Defendants Walker and Fitzpatrick assert that they are entitled to judicial immunity and that *Bivens* does not extend to claims made under the First, Seventh, and Fourteenth Amendments. (Doc. 26). Defendant U.S. District Court for the Northern District of Florida argues that Plaintiff's claims are barred by sovereign immunity and that it is not subject to suit under *Bivens*. Defendant Schreiber asserts that Plaintiff lacks standing to seek declaratory and injunctive relief, damages are barred by sovereign immunity, the amended complaint fails to allege a plausible claim for relief, and the lawsuit is barred by Florida's litigation privilege. (Doc. 16).

### A.    Absolute judicial immunity bars Plaintiff's claims against Defendants Walker and Fitzpatrick.

As federal judges who were acting in a judicial capacity when they engaged in the alleged conduct, Defendants Walker and Fitzpatrick are entitled to absolute judicial immunity. The issue of immunity is ripe for resolution at the motion to

dismiss stage. *Parrish v. Nikolits*, 86 F.3d 1088, 1094 (11th Cir. 1996). Judges are absolutely immune from lawsuits challenging actions taken in their judicial capacity, unless they acted in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority[.]" *Id*. at 356. Judicial immunity "applies even when the judge is accused of acting maliciously and corruptly." *Imbler v. Pachtman*, 424 U.S. 409, 418 n.12 (1976) (internal quotations omitted). That is so because "[a] judge's errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption." *Stevens v. Osuna*, 877 F.3d 1293, 1301 (11th Cir. 2017) (internal quotations omitted). To determine if a judge was acting in a judicial capacity for immunity purposes, courts consider "(1) whether the act is one normally performed by judges, and (2) whether the complaining party was dealing with the judge in his judicial capacity." *Stevens*, 877 F.3d at 1304 (citation omitted).

Federal judges are immune from damages actions, as well as actions seeking injunctive relief. *See Bolin v. Story*, 225 F.3d 1234, 1241-42 (11th Cir. 2000) (affirming decision that applied absolute judicial immunity to a claim for injunctive relief against federal judges); *Kapordelis v. Carnes*, 482 F. App'x 498, 499 (11th Cir. 2012) (stating that federal judges "retain[] absolute immunity against injunctive

relief").  With respect to claims for declaratory relief, there is some uncertainty in Eleventh Circuit caselaw regarding when judicial immunity extends to claims for declaratory relief.  On the one hand, there are cases saying "[t]he doctrine of judicial immunity applies to both suits for damages and suits seeking injunctive and declaratory relief."  *Bush v. Washington Mut. Bank*, 177 F. App'x 16, 17 (11th Cir. 2006); *Simmons v. Edmondson*, 225 F. App'x 787, 788 (11th Cir. 2007) ("Federal judges [also] are immune to injunctive and declaratory relief."); *Jarallah v. Simmons*, 191 F. App'x 918, 920 (11th Cir. 2006) (explaining that for federal judges the "doctrine of judicial immunity applies to both suits for damages and suits seeking injunctive and declaratory relief").  On the other hand, there are cases suggesting that declaratory relief may be available against federal judges if a plaintiff lacks an adequate remedy at law.  *See, e.g.*, *Kapordelis*, 482 F. App'x at 499 (11th Cir. 2012); *Tarver v. Reynolds*, 808 F. App'x 752, 754 (11th Cir. 2020) (stating that to obtain declaratory relief against a judge there must be "an absence of an adequate remedy at law").

Here, Plaintiff's allegations against Defendants Walker and Fitzpatrick involve actions taken in a judicial capacity.  Plaintiff alleges that Defendants Walker and Fitzpatrick entered "unauthorized orders" and improperly enforced Local Rule 5.4.  (Doc. 9 at 17-22).  Entering orders and enforcing procedural rules are actions that judges normally take.  Defendants Walker and Fitzpatrick took the challenged

actions while presiding over a case that had been brought by Plaintiff against Judge Early.  Finally, there is no credible reason to believe Defendants Walker and Fitzpatrick were acting in the "clear absence of all jurisdiction."  *See Stump*, 435 U.S. at 356-57.  Defendants and Walker and Fitzpatrick are, therefore, entitled to absolute judicial immunity.

As mentioned above, there is some uncertainty regarding whether federal judges are absolutely immune from declaratory relief claims.  But in this case, Plaintiff's claims fail regardless.  The cases holding that judicial immunity does not automatically apply to declaratory relief claims have said declaratory relief is only available if there was no remedy at law.  Here, Plaintiff has a remedy at law— namely, the ability to appeal the decisions made by Defendants Walker and Fitzpatrick.  As a result, Plaintiff cannot maintain declaratory relief claims against Defendants Walker and Fitzpatrick in this case.[3]  *See Tarver*, 808 F. App'x at 754

---

[3] It bears mentioning that in his declaratory relief claims against Defendants Walker and Fitzpatrick, Plaintiff seeks retrospective relief—i.e., a declaration that they violated the law in the past.  (*See* Doc. 9 at 42-44).  That is a fatal flaw because even if declaratory relief claims can be brought against judges, such "declaratory relief is limited to *prospective* declaratory relief."  *Justice Network Inc. v. Craighead Cnty.*, 931 F.3d 753, 764 (8th Cir. 2019) (emphasis in original) (concluding that the plaintiff's "request for declaratory relief [against judges] is *retrospective*" and, therefore, the plaintiff was "not entitled to such relief"); *Ruhbayan v. Smith*, No. 21-7419, 2022 WL 2764422, at *1 (4th Cir. July 15, 2022) (rejecting the plaintiff's claim for declaratory relief against federal judges because the claim "is purely retrospective" in that the plaintiff "sought a declaratory judgment that past actions that occurred within the context of his criminal proceeding violated his constitutional rights"); *Goodley v. Greene*, No. 21-CIV-61284, 2021 WL 4244869, at *5 n.4 (S.D.

(rejecting claim for declaratory relief against a judge because the plaintiff had "an adequate remedy at law: appeal through the state-court system"); *see also Kapordelis*, 482 F. App'x at 499 (stating that plaintiff was not entitled to declaratory relief against federal appellate court judges because plaintiff had an adequate remedy at law, namely he could "pursue Supreme Court review of the challenged decisions").

Plaintiff appears to argue that judicial immunity does not apply here because creating Local Rules is a legislative function and not a judicial function. (Doc. 46 at 12-13). Even if that is true, Plaintiff is challenging the application of the Local Rules to his case by Defendants Walker and Fitzpatrick. Plaintiff is not complaining about the abstract promulgation or existence of a Local Rule; rather, he is complaining because Defendants Walker and Fitzpatrick enforced a Local Rule against him in a particular case. Clearly, enforcing procedural rules is a judicial act.

Because Plaintiff's allegations involve actions Defendants Walker and Fitzpatrick took in a judicial capacity, they are entitled to absolute judicial immunity. Plaintiff's claims against Defendants Walker and Fitzpatrick, therefore, should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Murphy v. Stacy*, 809 F. App'x 677, 682 (11th Cir. 2020) (explaining that "a

---

Fla. Sept. 17, 2021) (explaining that the defendant was entitled to judicial immunity against claims for declaratory relief because "Plaintiff's request for declaratory relief appears to be *retrospective* in nature") (emphasis in original).

district court may dismiss a complaint for failure to state a claim based upon the affirmative defense of judicial immunity").[4]

Although the motion to dismiss was filed by Defendants Walker and Fitzpatrick—the only judicial defendants who have been served and entered appearances—it is clear Plaintiff would be unable to maintain his claims against Defendants Winsor, Frank, and Cannon for the same reasons as those asserted by Defendants Walker and Fitzpatrick. And the Eleventh Circuit has explained that

---

[4] Even if Defendants Walker and Fitzpatrick were not entitled to absolute judicial immunity, Plaintiff's claims would fail because they are not cognizable under *Bivens*. In *Bivens*, the Supreme Court recognized an implied cause of action that allowed individual capacity lawsuits against federal officers for violating the Fourth Amendment. *Id*. Subsequently, the Court extended *Bivens* to gender discrimination claims brought under the Fifth Amendment (*Davis v. Passman*, 442 U.S. 228, 248-49 (1979)), and claims of inadequate prison medical care under the Eighth Amendment. *Carlson v. Green*, 446 U.S. 14, 19 (1980). The "Court has refused to recognize *Bivens* liability in any context other than the three it previously recognized." *Johnson v. Burden*, 781 F. App'x 833, 835 (11th Cir. 2019); *Egbert v. Boule*, 142 S. Ct. 1793, 1802 (2022) (stating that the "Court has not implied additional causes of action" under *Bivens* in the years since the initial three causes of action). Plaintiff claims violations of the First, Seventh, and Fourteenth Amendments. None of those claims fall within the three categories where the Supreme Court has authorized *Bivens* actions. *See generally Johnson*, 781 F. App'x at 836 (stating that "the Supreme Court has repeatedly confirmed that it has not extended a *Bivens* remedy to First Amendment claims"); *see also Montalban v. Samuels*, No. 21-11431, 2022 WL 4362800, at *4 (11th Cir. Sept. 21, 2022) (explaining that "[t]he Supreme Court has not recognized a *Bivens* cause of action for claims arising under the . . . Fourteenth Amendment[]"); *McGuire v. Turnbo*, 137 F.3d 321, 323 (5th Cir. 1998) (recognizing that a Fourteenth Amendment claim cannot be raised under *Bivens* because the Fourteenth Amendment applies to state officials, whereas *Bivens* applies to lawsuits against federal officials).

"[a] District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." *Loman Dev. Co. v. Daytona Hotel & Motel Suppliers, Inc.*, 817 F.2d 1533, 1537 (11th Cir. 1987) (internal quotations omitted); *see also Yelton v. Whitney Bank*, No. 3:16-CV-56, 2016 WL 7644859, at *2 (N.D. Fla. Dec. 2, 2016) (dismissing claims against defendants who were not served because "it is plain that Plaintiff would be unable to maintain his claim against these remaining Defendants on the same grounds as those asserted by Defendant Whitney Bank"). Accordingly, Plaintiff's claims against Defendants Winsor, Frank, and Cannon should be dismissed because they are also barred by absolute judicial immunity.

**B.    Sovereign immunity bars Plaintiff's claims against Defendant U.S. District Court for the Northern District of Florida.**

Plaintiff cannot maintain an action against Defendant U.S. District Court for the Northern District of Florida because of sovereign immunity. Sovereign immunity prevents litigants from suing the United States, or any of its agencies, unless it has waived sovereign immunity. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The Eleventh Circuit has specifically held that sovereign immunity bars lawsuits against federal district courts. *See Kight v. U.S. District Court, N. Dist. of Ga.*, 681 F. App'x 882, 883-84 (11th Cir. 2017) (dismissing a claim against a federal district court because of sovereign immunity). It does not matter for sovereign immunity

purposes whether a plaintiff is seeking damages or declaratory and injunctive relief against the federal government. *Id.* (explaining that the plaintiff's argument that "his claims are not barred because he seeks declaratory and injunctive relief is incorrect; he must still establish a valid waiver of sovereign immunity before his claims seeking these types of relief from the federal government may go forward"); *see also Morales v. U.S. Drug Enf't Admin.*, No. 1:21-CV-22388, 2022 WL 3975100, at *3 (S.D. Fla. Aug. 31, 2022) (holding that the United States was immune from an action seeking declaratory relief).

Defendant U.S. District Court for the Northern District of Florida is an agency or department of the United States and, therefore, is entitled to sovereign immunity unless there has been a waiver. "A waiver of sovereign immunity must be unequivocally expressed, and an expressed waiver will be strictly construed." *Ishler v. Internal Revenue*, 237 F. App'x 394, 397 (11th Cir. 2007) (internal quotations omitted). The plaintiff "bears the burden of establishing that the federal government has waived its sovereign immunity." *Thompson v. McHugh*, 388 F. App'x 870, 872 (11th Cir. 2010).

Plaintiff's allegations fail to establish any basis for concluding that the United States unequivocally waived its sovereign immunity for the claims made in the amended complaint. *See generally Daniel v. United States*, 891 F. Supp. 600, 603 (N.D. Ga. 1995) (recognizing that the United States has not waived sovereign

immunity for claims alleging constitutional violations). Therefore, Plaintiff's claims against Defendant U.S. District Court for the Northern District of Florida are barred by sovereign immunity and should be dismissed.

### C.   Plaintiff's official capacity claims against Defendant Schreiber are barred by sovereign immunity.

The amended complaint does not specify whether Defendant Schreiber is being sued in his official or individual capacity. Because Plaintiff is proceeding *pro se*, the Court will liberally construe his amended complaint and treat it as though he asserted both individual and official capacity claims. *Manzo v. Courtney*, No. 3:19cv3357, 2020 WL 4721288, at *4 (N.D. Fla. July 10, 2020). With respect to any official capacity claims that seek monetary damages, Defendant Schreiber is entitled to sovereign immunity.

A state is entitled to sovereign immunity and may not be sued for damages unless there has been an explicit waiver or congressional abrogation. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). This immunity "remains in effect when State officials are sued for damages in their official capacity." *Id.* (citation omitted); *see also Henry v. Florida Bar*, 701 F. App'x 878, 881 (11th Cir. 2017) ("The individual defendants are likewise immune as state officials from [the plaintiff's] claims against them in their official capacities for monetary damages.").

Here, Defendant Schreiber—an Assistant Attorney General for the State of Florida—is a state official. By suing Defendant Schreiber in his official capacity for

damages, Plaintiff has effectively sued the State of Florida. Plaintiff has identified neither an explicit waiver by Florida nor an act of Congress that abrogated Florida's sovereign immunity. Therefore, any official capacity monetary damages claims brought by Plaintiff against Defendant Schreiber are barred by sovereign immunity.

**D.     Plaintiff lacks Article III standing to seek declaratory and injunctive relief against Defendant Schreiber.**

In addition to monetary damages, Plaintiff seeks declaratory and injunctive relief against Defendant Schreiber. Under the *Ex Parte Young* doctrine, sovereign immunity does not bar official capacity suits against state officials that seek prospective declaratory and injunctive relief. *Grizzle v. Kemp*, 634 F.3d 1314, 1319 (11th Cir. 2011). Plaintiff's claims for declaratory and injunctive relief against Defendant Schreiber fail, however, because Plaintiff lacks standing to seek such relief.

Article III of the Constitution limits the jurisdiction of federal courts to adjudicating cases or controversies. U.S. Const. art. III, § 2. "Justiciability is the term of art employed to give expression" to the jurisdictional limitation imposed on federal courts by the case or controversy requirement. *United States v. Rivera*, 613 F.3d 1046, 1049 (11th Cir. 2010) (cleaned up). Under the umbrella of justiciability are four separate but related doctrines—standing, ripeness, mootness, and political question. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). All four are

important, but only the doctrine of standing is implicated by Plaintiff's amended complaint.

To have standing, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "[A] plaintiff must demonstrate standing for each claim . . . and for each form of relief that is sought." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008) (cleaned up). In other words, the standing inquiry proceeds on a claim-by-claim and relief-by-relief basis—it "is not dispensed in gross." *Mack v. USAA Cas. Ins. Co.*, 994 F.3d 1353, 1356 (11th Cir. 2021) (cleaned up). This means that a plaintiff may have standing for one claim or form of relief, yet lack standing for another claim or form of relief. *Id.*; *see also Lavandeira v. Tampa Police Dep't*, No. 8:20CV169-T-23CPT, 2021 WL 1541716, at *4 (M.D. Fla. Apr. 20, 2021) (explaining that if the plaintiff "enjoys standing to assert a claim for damages but cannot otherwise establish a likelihood of future injury, she enjoys no standing to sue for injunctive relief").

To establish standing when seeking retrospective relief, such as compensatory damages for injuries, a plaintiff must show that he has suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555,

560 (1992) (cleaned up). If a plaintiff seeks prospective relief, such as a declaratory judgment or an injunction, he "must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1346 (11th Cir. 1999). This is because declaratory judgments and injunctions are aimed at preventing future wrongs, as opposed to remedying past wrongs. *Strickland v. Alexander*, 772 F.3d 876, 883 (11th Cir. 2014). "The equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again—a likelihood of substantial and immediate irreparable injury." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (internal quotations omitted). Thus, a plaintiff seeking declaratory or injunctive relief must sufficiently establish a real and immediate—as opposed to a merely hypothetical or conjectural—threat of future injury. *Id*. Failure to sufficiently establish standing for declaratory and injunctive relief claims will result in dismissal. *See Malowney*, 193 F.3d at 1347-48 (dismissing a declaratory judgment claim for lack of standing because the complaint failed to allege that plaintiffs were "likely to be subject to future injury").

Here, Plaintiff alleges he was injured by Defendant Schreiber's past conduct. But "past wrongs do not in themselves amount to that real and immediate threat of injury necessary to make out a case or controversy" for declaratory and injunctive

relief claims. *Lyons*, 461 U.S. at 103. The case against Judge Early has been dismissed (Doc. 68, Case No. 4:21-CV-96), and Plaintiff has not alleged that Defendant Schreiber is currently engaging in any adverse actions against Plaintiff. Nor has Plaintiff sufficiently alleged a real and immediate threat that he will suffer future harm at the hands of Defendant Schreiber. Plaintiff has failed to establish a "substantial likelihood," *Malowney*, 193 F.3d at 1346, that he will soon encounter Defendant Schreiber again in a context where Defendant Schreiber would likely engage in the same allegedly unlawful behavior. Plaintiff, therefore, lacks standing to seek prospective declaratory and injunctive relief against Defendant Schreiber in his official capacity.[5]

**E.    Plaintiff has failed to state a claim for damages under 42 U.S.C. §§ 1983 and 1985 against Defendant Schreiber in his individual capacity.**

To the extent Plaintiff has brought a claim for damages against Defendant Schreiber in his individual capacity under 42 U.S.C. §§ 1983 and 1985, the claim should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The Supreme Court has explained that to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible

---

[5] Even if Plaintiff had standing to seek declaratory and injunctive relief, such a claim would fail for the same reason as Plaintiff's claim for damages against Defendant Schreiber—i.e., he has not stated a claim upon which relief could be granted.

on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (internal quotation marks omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (internal quotation marks omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 664. Although *pro se* complaints are subject to a "less stringent standard than a pleading drafted by an attorney," *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015), a *pro se* litigant's complaint still "must meet the minimum requirements of presenting a viable claim." *Summerlin v.*

*Shellpoint Mortg. Servs.*, 165 F. Supp. 3d 1099, 1108 (N.D. Ala. 2016) (internal quotations omitted).

Here, Plaintiff has failed to plausibly allege §§ 1983 and 1985 claims against Defendant Schreiber.    Plaintiff claims that Defendant Schreiber's "anti-black devotion" led him to accept bribes, lie, misuse public funds, alter electronic records, appear in court without lawful authority, and interfere with Plaintiff's case against Judge Early.  (Doc. 9 at 35-36).  He further claims that Defendant Schreiber illegally represented Judge Early in the prior action.  (*Id*. at 17).  According to Plaintiff, this was all done as part of Defendant Schreiber's involvement in a "pre-suit pact" with the federal judiciary aimed at "impeding, hindering, obstructing, and defeating black people's pursuits of justice."  (*Id*. at 35-36).

Plaintiff's complaint sets forth no facts that would "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *See Iqbal*, 556 U.S. at 678.    Plaintiff cites the First, Seventh, and Fourteenth Amendments (Doc. 9, at 36), but he has failed to plausibly allege any factual allegations that "raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Miller v. Ruffini*, No. CV420-292, 2021 WL 8342945, at *3 (S.D. Ga. Aug. 31, 2021) (stating "plaintiff's wholly conclusory invocations of constitutional amendments do not state a claim for relief").  Over the course of fifty-one pages, Plaintiff's amended complaint lays out

a government conspiracy theory that involves Defendant Schreiber agreeing with federal judges and a state court judge to commit criminal offenses (i.e., bribery, perjury, destruction of evidence) with the goal of "impeding, hindering, obstructing, and defeating black people's pursuits of justice." (Doc. 9 at 36). The allegations in the amended complaint are little more than bald accusations of a far-fetched and implausible government conspiracy. *See Russ v. Williams*, No. 5:14CV164, 2014 WL 7404060, at *2 (N.D. Fla. Dec. 30, 2014) (dismissing complaint because the claims were "essentially rooted in [the plaintiff's] belief that federal agencies are secretly engaged in a conspiratorial vendetta against him whereby every otherwise legitimate action taken by any agency . . . is seen through the lens of this overarching conspiracy that Plaintiff believes exists"); *see also Young v. Bush*, No. CV 19-01102, 2021 WL 499043, at *4 (S.D. Ala. Jan. 12, 2021) (dismissing complaint because it was "premised on baseless accusations and far-fetched conspiracy plots"). Because Plaintiff has failed to plausibly allege violations of §§ 1983 and 1985, Plaintiff's claim for damages against Defendant Schreiber should be dismissed.

### III.    Conclusion

For the reasons above, the undersigned respectfully **RECOMMENDS** that:

1.    The motions to dismiss filed by Defendants Walker, Fitzpatrick, U.S. District Court for the Northern District of Florida (Doc. 26) and

Defendant Schreiber (Doc. 16) be **GRANTED** and Plaintiff's claims against them be **DISMISSED with prejudice**.

2.   The claims against Defendants Winsor, Frank, and Cannon be **DISMISSED with prejudice** for the same reasons as the claims against Defendants Walker and Fitzpatrick.

2.   That all pending motions be **DENIED as moot**, except Defendant Schreiber's Motion for Sanctions (Doc. 19) which will be separately addressed by the Court.

3.   That the Clerk of Court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 8th day of November 2022.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## NOTICE TO THE PARTIES

**This case was referred to the undersigned for the issuance of all preliminary orders and any recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).**

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate**

judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.